IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GERALD VILLANUEVA, #A4005447, <br><br> Plaintiff, <br><br> vs. <br><br> MICHAEL S. HOFFMAN, NOLAN ESPINDA, NOLAN UEHARA, MONTE McCOMBER, <br><br> Defendants. | CIV. NO. 14-00461 SOM/KSC <br><br> DISMISSAL ORDER PURSUANT TO 28 U.S.C. § 1915(g) |

**DISMISSAL ORDER PURSUANT TO 28 U.S.C. § 1915(g)**

Before the court is pro se plaintiff Gerald Villanueva's prisoner civil rights complaint and application to proceed *in forma pauperis*. Doc. Nos. 1 and 2. Villanueva alleges prison officials at the Halawa Correctional Facility violated his right to due process when they allegedly forged his signature on a confirmatory urinalysis test in which he had tested positive for amphetamines in December 2013, found him guilty at an adjustment committee hearing on April 11, 2014, and later transferred him to Arizona. *See* Compl., Doc. No. 1. Villanueva seeks *in forma pauperis* ("IFP") status for this action.

**I. 28 U.S.C. § 1915(g)**

A prisoner may not bring a civil action or appeal a civil judgment in forma pauperis if:

> the prisoner has, on 3 or more prior occasions, while incarcerated or detained in

> any facility, brought an action or appeal in
> a court of the United States that was
> dismissed on the grounds that it is
> frivolous, malicious, or fails to state a
> claim upon which relief may be granted,
> unless the prisoner is under imminent danger
> of serious physical injury.

28 U.S.C. § 1915(g).

"[Section] 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). "In some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120.

The court takes judicial notice that Villanueva has had at least three cases dismissed while he was incarcerated that qualify as "strikes" under 28 U.S.C. § 1915(g). *See Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007). These include:

(1) *Villanueva v. United States*, Civ. No. 06-00148 SOM-KSC (D. Haw. April 4, 2006) (dismissed with prejudice as frivolous and for failure to state a claim) (no appeal);

(2) *Villanueva v. Hawaii*, Civ. No. 05-00756 HG-KSC (D. Haw. Dec. 8, 2005) (dismissed as frivolous and for failure to state a claim) (no appeal); and

>        (3) *Villanueva v. Bennett*, Civ. No. 05-721 HG-BMK
>            (D. Haw. Dec. 8, 2005) (dismissed for failure
>            to state a claim) (appeal dismissed).[1]

*See* PACER Case Locator, http://pacer.psc.uscourts.gov.
Villanueva may not bring a civil action without complete prepayment of the entire filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

## II. <u>NO IMMINENT DANGER</u>

"[T]he availability of the [imminent danger] exception turns on the conditions a prisoner faced at the time the complaint was filed, not some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). "[T]he exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Id.* at 1055.

Nothing within the Complaint suggests that Villanueva was in imminent danger of serious physical injury when he filed this action. The urinalysis was done in December 2013 and the adjustment committee hearing was in April 2014. Although Villanueva alleges he is suffering mental and emotional anguish and that he suffered pain during his transfer to Arizona due to tight leg irons, neither of these claims supports a finding that

---

[1] The court notified Villanueva that the dismissal of these actions may later be counted as strikes. *See e.g.*, *Villanueva v. Hawaii*, Civ. No. 05-00756 HG, Doc. No. 3; *Villanueva v. Bennett*, Civ. No. 05-00721 HG, Doc. No. 8.

he was in imminent danger of serious physical injury when he filed this action claiming due process violations that allegedly occurred more than six months ago. Having not indicated that he is in imminent danger of serious physical injury, he may not proceed without prepayment of the civil filing fee.

Villanueva's *in forma pauperis* application is DENIED. The Complaint and action are DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(g). Villanueva may move within twenty-eight days to reopen this action with concurrent payment of the $400.00 filing fee, or he may reassert his claims in a new action with concurrent payment of the $400.00 filing fee. Any pending motions are DISMISSED. The Clerk shall close the case and note this dismissal is pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 16, 2014.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

*Villanueva v. Hoffman*, Civ. No. 14-00461 SOM/KSC; 3 stks/2014/Villanueva 14-461; J:\PSA Draft Ords\SOM\Villanueva 14-461 som (4 strks).wpd